IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 13 P 3: 50

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

LEA SHAWNAY BELL,
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondent

\*

\*    Civil Action No. RDB-14-696
    Criminal Action No. RDB-09-271

\*

\*\*\*\*\*

## MEMORANDUM OPINION

On November 13, 2009, Petitioner Lea Shawnay Bell ("Bell") was sentenced to concurrent terms of 120 months and concurrent 25-year terms of supervised release after being convicted on counts of conspiracy to commit sex trafficking of a minor and sex trafficking of a minor in violation of 18 U.S.C. §§ 1954 & 1591(a). On November 1, 2010, Bell filed her first 28 U.S.C. § 2255 Motion to Vacate. (*United States v. Bell*, Criminal No. RDB-09-271 at ECF No. 60). After full briefing on the ineffective assistance of counsel grounds, the Motion was denied on April 20, 2012. (*Id.* at ECF Nos. 70 & 72). No appeal was filed.

On March 7, 2004, Bell filed a "Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255," seeking to have her sentence vacated due to its procedural and substantive unreasonableness. (*Id.* at ECF No. 78). Bell seemingly challenges the severity and length of her 300-month supervised release term, given the lack of "magnitude" of her prior criminal history. (*Id.*).

This case requires the Court to determine whether Bell's post-judgment filing must be construed as an unauthorized and successive § 2255 motion attacking her sentence because she previously filed a § 2255 application and has not obtained court of appeals certification for the present filing as required under 28 U.S.C. § 2255(h) or, alternatively, a proper motion under Rule

60(b) of the Rules of Civil Procedure seeking a remedy for some defect in the collateral review process itself. The answer to this question is important because it has jurisdictional implications. If Bell's filing is construed as an unauthorized and successive § 2255 motion directly attacking her conviction or sentence, then this court lacks jurisdiction to consider it. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003).

The Court has examined the pleading to determine whether it is properly considered a Rule 60(b) Motion and concludes that it should not. This Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." *Hunt v. Nuth*, 57 F.3d 1327, 1339 (4th Cir. 1995). Bell does not raise a challenge to the integrity of the Court's denial of her prior § 2255 application, rather her challenge implicates the validity of her underlying sentence. Bell is asking this Court to correct an allegedly illegal and unconstitutional sentence. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (contention that district court erred in refusing additional briefing was a proper subject of a Rule 60(b) motion). Therefore, Bell's pleading is properly construed as a successive § 2255 motion. *See Winestock*, 340 F.3d at 207 (a motion directly attacking the inmate's conviction or sentence will usually amount to a successive application); *see also Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003); *Unites States v. Terrell*, 141 Fed. App'x. 849, 850 (11th Cir. 2005) (motion raising brand new substantive claims for relief on the merits and not presented in defendant's initial motion to vacate, were properly treated by district court as successive motion to vacate sentence).

Successive § 2255 motions may not be filed absent authorization to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) & 2255(h); *In re Avery W. Vial*, 115

F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Bell has provided no evidence that she received authorization to file a successive Motion to Vacate by the appellate court as required pursuant to 28 U.S.C. § 2244(b)(3)(A).[1]

An inmate who filed a motion to vacate has no absolute entitlement to appeal a district court's denial of his or her Motion. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). The Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Bell has not made the required showing and the Court

---

[1] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Bell wish to seek authorization to file a successive petition. It is to be emphasized that Bell must file the "motion" with the Fourth Circuit and obtain authorization to file her successive Motion before this Court may examine her claims.

declines to issue a Certificate of Appealability. Her Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting the opinion set out herein.

Date: March 13, 2014

/s/ R.D. Bennett
RICHARD D. BENNETT
UNITED SATATES DISTRICT JUDGE